[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR MODIFICATION (#122) AND DEFENDANT'S MOTION FOR CONTEMPT (#123)
The plaintiff has moved to modify the child support of $375 and $300 alimony weekly orders entered March 10, 1992 as part of the judgment.
At the time of judgment the plaintiff listed earnings as $930 disposable net income on his financial affidavit. As a CT Page 9846 field sales representative he had generated over $90,000 gross earnings for 1991. On the date of judgment he held stock options of substantial value but not yet exercisable.
In support of the plaintiff's present motion he testified that he had lost a substantial customer that had been producing $37.5% of his commissions. Through July the plaintiff had earned $38,666 in commissions for 1993.
On cross examination it was developed that the plaintiff had generated gross taxable income of $118,608.20 as stated on his W-2 Form (Defendant's Exhibit A).
In 1993 the plaintiff has generated $20,074 in income from exercise of his stock options before taxes.
The plaintiff's general manager testified that the plaintiff had lost a large account but that a new substantial account had been assigned to him.
The plaintiff's assertion that the income received from the sale of the stock upon exercise of the options should not be included as earnings for child support and alimony purposes is rejected by the court. Further, a true picture of the plaintiff's actual earnings cannot be obtained by using the most recent 13 weeks. The plaintiff has not carried the burden of demonstrating a substantial change in his income for 1993, at least through July.
The plaintiff's motion is denied.
As to defendant's motion for contempt the court cannot find a willful failure to obey the court's orders. The plaintiff argued, unsuccessfully, regarding his stock options. The defendant's motion is also denied.
HARRIGAN, J.